ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WENDY JEAN LOGAN,                      )
                                       )
                                       )
      Petitioner,              )
                                       )
v.                                     )    Case No. 08-4129-JAR
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                                       )
      Respondent.              )
_____)

## MEMORANDUM AND ORDER OF DISMISSAL

On October 28, 2008, non-prisoner petitioner Wendy Jean Logan filed a *pro se* civil complaint on a pre-printed form and attached a hand-written "Motion for Writ of Habeas Corpus." Petitioner asserts that, while she is unable to name any defendants at this time, she has been involuntarily subjected to psychotropic drugs and unjustifiably denied workers' compensation benefits. Petitioner seeks several forms of relief from the Court, including: (1) that the Court physically remove her from the States of Kansas and Missouri and place her in an undisclosed location until certain issues are resolved, and (2) that the Court order the United States Department of Labor to reinstate her worker's compensation benefits.

Petitioner does not allege federal jurisdiction in her petition and on November 4, 2008, Magistrate Judge Waxse ordered petitioner to show cause to this Court on or before November 25, 2008 why the petition should not be dismissed for failure to state a claim. Petitioner filed a response on November 10, 2008.[1] The Court has reviewed petitioner's response and determines

---

[1] (Doc. 20.)

that the case should be dismissed for lack of subject matter jurisdiction.[2]

Pleadings prepared *pro se* are construed liberally and held to a lower standard than pleadings drafted by attorneys.[3] However, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[5]

A civil rights action under 42 U.S.C. § 1983 is the appropriate vehicle to challenge the conditions of one's confinement, while 28 U.S.C. § 2254 offers relief to a person "in custody" by a judgment of a state court provided the custody violates the Constitution, laws, or treaties of the United States.[6] The "in custody" language has been interpreted to mean "substantial restraints not shared by the public generally."[7] The "in custody" requirement is jurisdictional in nature.[8] Beyond incarceration due to a state criminal conviction, federal habeas relief may be available "to challenge the legality of a state court order of civil commitment or a state court order of civil contempt."[9] While petitioner alleges in her Complaint and other filings that she was tortured and

---

[2]*See* Fed. R. Civ. P. 12(b)(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[4]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[6]28 U.S.C. § 2254(a); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[7]*Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 510 (1982).

[8]*See, e.g.*, *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008).

[9]*Duncan v. Walker*, 533 U.S. 167, 176 (2001).

forced to take certain medications by mental health professionals, she does not allege that she was ever subject to civil commitment. In fact, she states in her filings that she currently resides at the Topeka Rescue Mission. Therefore, the Court finds that petitioner has failed to allege jurisdictional facts entitling her to federal habeas corpus relief. Consequently, the action is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this action be **dismissed** without prejudice.

**IT IS SO ORDERED**.

Dated this 14th day of November, 2008.

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE